In re WIEDMANN.

(District Court, W. D. New York. June 30, 1911.)

No. 3,608.

BANKRUPTCY (§ 409*)—DISCHARGE—OBJECTIONS—CONCEALMENT OF BOOKS.

A bankrupt, having kept books of account during all the time he was engaged in business, on being examined before the referee, was requested and promised to produce his books at a subsequent hearing. The hearing was adjourned several times at his request, until six months after the first hearing he testified that his wife had kept the books and that they could not be found. *Held*, that such explanation was unsatisfactory and warranted a denial of a discharge, on the ground that he had destroyed or concealed his books with intent to conceal his financial condition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 739, 752–757; Dec. Dig. § 409.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Charles Wiedmann. On motion to confirm the report of the special master, providing for denial of the bankrupt's discharge. Affirmed.

Charles Newton, for bankrupt.
Lincoln A. Groat, for objecting creditor.

HAZEL, District Judge. The bankrupt should be denied his discharge on the ground that he has destroyed or concealed his books of account with intent to conceal his financial condition. It is conceded that he kept books of account during all the time he was engaged in business. He was examined before the referee, and requested to bring his books at a subsequent hearing, which he promised to do. Subsequently the hearing was adjourned several times at his request, until in October, 1910, six months after the first hearing, he appeared before the referee, pursuant to subpœna, and testified that his wife had kept the books, that they could not be found, that his wife had been careless, that he had looked for the books, and could not find them.

The proffered explanation is entirely unsatisfactory. The presumption arises that the bankrupt has concealed his books to keep from his creditors his actual financial condition, which presumption finds strong support in the transactions prior to filing his petition and within four months prior thereto, by which certain of his property was transferred. Considering such acts, to which the referee attached importance in connection with the later concealment of his books, a disposition to hinder his creditors from in any way deriving any benefit from his property is strongly indicated. It would be a singular situation if a bankrupt, who takes advantage of the privilege given him by the bankrupt act, could thus thwart his creditors and refuse them any knowledge of his financial affairs, on his uncorroborated testimony that his books had been lost since he had been requested to exhibit them, and with a wave of the hand place the responsibility for their loss and his inability to produce them upon his wife. It is not necessary that direct evidence of concealment or destruction be given. The bankrupt's testimony is manifestly unreliable, and a discharge will

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be denied him, on the ground that he has destroyed or concealed his books of account by which his actual financial condition could be ascertained.

The special master also found that the bankrupt, within a period of four months before filing his petition, transferred and concealed his property; but this objection, in view of the foregoing, need not be passed upon.

So ordered.